UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHACONA T. WHITE,             )
                                  )
        Plaintiff,         )
                                  )
        v.               )  Civ. Action No. 04-2077 (ESH)
                                  )
SOCIAL SECURITY         )
ADMINISTRATION,       )
                                  )
        Defendant.    )
_____)

MEMORANDUM OPINION

This matter is before the Court on defendant's motion for judgment of affirmance and plaintiff's motion for summary reversal.  Upon consideration of the parties' submissions and the entire record, including the Administrative Record ("AR"), the Court will grant defendant's motion and deny plaintiff's motion.

I.  BACKGROUND

On May 18, 1999, plaintiff, a former hairstylist, applied for Supplemental Security Income as of December 24, 1998.  She claimed that she suffered from depression and high blood pressure, which limited her ability to work because of mood swings, panic attacks, and being "withdrawn."  AR at 55.[1]  Plaintiff's claim was denied initially and again following a hearing in October 2001 before an Administrative Law Judge ("ALJ"), where she was represented by counsel.  The ALJ denied plaintiff's claim based on a finding that her drug abuse materially contributed to her alleged disability and that, by law, "the claimant cannot be paid for a substance abuse disorder."  AR at 21 (citing Section 105 of Public Law 104-121).

_____

[1]    The ALJ also considered that plaintiff suffered from asthma but found no "evidence in [the] file indicat[ing] . . . . significant limitations in the claimant's physical ability to perform basic work activities."  AR at 16.

The ALJ further found that plaintiff could not perform her past relevant work, but retained "the residual functional capacity to perform a significant range of heavy work." AR at 22.

The Appeals Council denied plaintiff's request for review of the ALJ's decision on June 27, 2002, thereby concluding the administrative process. AR at 7-8. Plaintiff initiated this action *pro se* on November 30, 2004, after, by notice dated September 22, 2004, the Appeals Council granted her request for additional time to file a civil action. AR at 3.

## II.  STANDARD OF REVIEW

In reviewing a social security claim, the Court must affirm the Commissioner's decision regarding a claimant's disability if, on the basis of the entire record, it is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389 (1971); *Simms v. Harris*, 662 F.2d 774, 777 (D.C. Cir. 1980). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (*quoting Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). To determine whether the Commissioner's decision is supported by substantial evidence, the Court must "carefully scrutinize the entire record." *Davis v. Heckler*, 566 F. Supp. 1193, 1195 (D.D.C. 1983); s*ee also* 42 U.S.C. § 405(g). The Court may not reweigh the evidence and "replace the [Commissioner's] judgment regarding the weight and validity of the evidence with its own." *Davis*, 566 F. Supp. at 1195. "[B]ecause the broad purposes of the Social Security Act require a liberal construction in favor of disability, the Court must view the evidence in the light most favorable to the claimant. This way, the Court can give effect to the remedial purposes of the Social Security Act." *Davis v. Shalala*, 862 F. Supp. 1, 4 (D.D.C. 1994) (internal citations omitted).

## III.  DISCUSSION

Social Security disability benefits are available to an insured individual who "is under a disability (as defined in subsection (d) of this section)."  42 U.S.C. § 423(a)(1).  The Social Security Act defines disability as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

42 U.S.C. § 423(d)(1)(A).  The inability to engage in substantial gainful activity includes the inability to perform the claimant's previous work or other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).  "An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."  42 U.S.C § 423(d)(2)(C).

Claims for social security disability insurance benefits are evaluated using a five-step process.  A claimant may be found to have no disability at any one of the sequential steps. The claimant must prove (1) that she is not presently engaged in substantial gainful work, (2) that she has a severe "impairment," and either (3) that she suffers for more than twelve months from one or more listed impairments,[2] or (4) that she is incapable of performing past relevant work.[3]  20 C.F.R. §§ 404.1520(b)-(e), 416.920(b)-(e).  If the claimant prevails on the

---

[2]   A listed impairment is an impairment listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404, "which [is] considered severe enough to prevent a person from doing any gainful activity."  20 C.F.R. §§ 404.1525(a), 416.925(a).  A claimant found to have a listed impairment will be considered disabled.

[3]   Past relevant work is defined as work the claimant has done in the past.  20 C.F.R. §§ 404.1560(b), 416.960(b).

first four steps, the Commissioner can make a finding of no disability only upon proving that

the claimant is capable of performing other gainful work.  20 C.F.R. §§ 404.1520(f),

416.920(f).  *See Simms v. Sullivan*, 877 F.2d 1047, 1049 (D.C. Cir. 1989); *Brown v. Bowen*,

794 F.2d 703, 705-06 (D.C. Cir. 1986).

Defendant has cited to substantial evidence in the record supporting the ALJ's findings

and the dispositive finding that plaintiff's drug abuse materially contributed to her

impairments.  *See* Memorandum in Support of Defendant's Motion for Judgment of

Affirmance at 14-18.  Particularly, plaintiff had a 20-year history of drug (heroin and cocaine)

and alcohol abuse for which she was hospitalized on numerous occasions.  By her own

testimony and statements in the medical records, plaintiff admitted that her depression

subsided when she was not using drugs and alcohol.  In a psychological assessment dated

March 31, 1999, plaintiff conveyed that when "she was drug free from '81 to '84, she denied

any depressed mood problems during this period of sobriety."  AR at 423.  Moreover,

"[patient] has recognized depressed mood symptoms during extended periods of drug use. . .

[she] reported that the medications have helped her depressed mood improve."  AR at 424.

The assessment indicates that plaintiff had a drug "relapse" in March 1998.  *Id*.

Plaintiff also admitted to drug use in March 1999, *see* AR at 403, and in January and April of

2000.  AR at 122, 130-31.  In response to the ALJ's questioning with respect to conflicting

statements about her drug use, plaintiff testified at the October 2001 hearing that from 1997

"until now," she had maintained a $20 a day drug habit by working, obtaining money from

her children's father or her minister, or by "do[ing] somebody's hair on the side."  AR 523-

24.  A psychiatrist who treated plaintiff beginning in March 2000 diagnosed her as having

"major depression" and "opioid dependence."  AR at 494.  In June 2000, having "been clean

for 30 days," plaintiff reportedly denied "episodes of depression."  AR at 120.

The ALJ found that plaintiff's depression alone did not meet the regulatory listing of a severe impairment but, when combined with her drug abuse, it met the "requirements of Listing 12.09 (substance abuse disorder).  However, under Section 105 of Public Law 104-121, the claimant cannot be paid for a substance abuse disorder."  AR at 21 ¶ 3.   This finding notwithstanding, the ALJ proceeded to step five of the evaluation process.  Finding some of plaintiff's statements about her limitations "not totally credible," the ALJ found that plaintiff "is moderately limited in her ability to maintain attention and concentration for extended periods, interact appropriately with the general public, to respond appropriately to changes in the work setting, and to set realistic goals or make plans indepently [sic] of others."  AR at 21.  The ALJ found that plaintiff "is unable to perform any of her past relevant work."  *Id.* ¶ 8.  Because she had no physical impairments, however, the ALJ found that plaintiff, at age 44, retained the residual functional capacity to perform some heavy exertional work.  AR at 18.  Thus, utilizing a vocational expert, the ALJ found that plaintiff could perform other jobs available in the national economy such as "a cleaner, floor waxer, assembler [of] small products, and an addresser."  AR at 22; *see also* AR at 526-29 (testimony of vocational expert).  The record substantially supports the ALJ's findings.

In her motion for summary reversal, plaintiff states only that "she has been diagno[sed] as bi-polar and [is] currently taking psychotropic-type medication."  Pltf.'s Mtn. at 1.  This claim was not presented during the administrative proceedings at issue and therefore is beyond the scope of this action.[4]  Plaintiff has presented no basis for reversing the SSA's

---

[4]     When asked at the hearing which of three impairments-- depressive, manic or bi-polar syndrome–  plaintiff claimed to suffer, plaintiff's counsel identified depressive syndrome as the sole impairment.  AR at 504.

determination.  The motion for judgment of affirmance is granted and the motion for summary

reversal is denied.  A separate Order will issue contemporaneously.


_____s/_____
ELLEN SEGAL HUVELLE
DATE: July 29, 2005                              United States District Judge